Trial version











IN THE SUPREME COURT OF 
TEXAS
════════════
No. 04-0575
════════════
Columbia Medical Center of 
Las Colinas, Inc. d/b/a Las Colinas Medical Center, Petitioner,
v.
Athena Hogue, Individually 
and as Executrix of the Estate of Robert Hogue, Jr., Deceased, Christopher 
Hogue, and Robert Hogue, III, 
Respondents
═══════════════════════════════════════════════════
On Petition for Review from the
Court of 
Appeals for the Fifth District of 
Texas
═══════════════════════════════════════════════════
 
Argued April 12, 
2005
 
 
           
Justice Wainwright, joined 
by Justice Hecht and Justice Brister, dissenting from the 
denial of Petitioner’s Motion to Clarify the Mandate.
 
           
This Court’s opinion 
reversed the trial court’s 
judgment for loss of inheritance damages and affirmed the jury’s award of exemplary damages. 271 S.W.3d 238, 257. No other damages were challenged in the 
appeal. After the mandate issued, Petitioner Columbia Medical Center tendered 
the amount for damages affirmed in our opinion and judgment along with 
post-judgment interest accrued, but the Hogues, 
Respondents, refused the tender. The Hogues did not 
dispute that the damages for loss of inheritance were not recoverable as 
compensatory damages, but they took the position that, notwithstanding the 
Court’s decision, the 
inheritance damages should be included in the statutory calculation of the 
maximum amount of punitive damages awardable. Columbia Medical filed a motion to 
clarify the mandate. Today, the Court declines to resolve this 
dispute.
           
Due to the variety of factual scenarios and the complexity of the law, 
the answer to many legal questions is a close call. 
Here, there is only one answer to the legal issue, and the Court’s denial of the motion to clarify should 
not be read as a rejection of Columbia Medical’s position. When the Court reverses a portion of 
economic damages that form the basis of the cap on punitive damages, it is 
elementary that the cap must be recalculated and reduced to account for the 
change. It is also elementary that a reduction in compensatory damages on appeal 
requires, for example, the parties to recalculate the apportionment of damages 
among defendants, to reconsider settlement credits, and to recalculate 
post-judgment interest. We should not need to expend time on such matters, but 
when necessary, we should answer the question and settle the dispute. Because 
denying the motion to clarify will likely embroil the parties in further 
litigation, when this Court has jurisdiction to put an end to the dispute 
easily,1 I 
respectfully dissent from the denial of the motion to clarify.
           
Our original opinion, issued August 29, 2008, reversed $306,393 awarded 
as damages to the Hogues for loss of inheritance and 
affirmed the award of exemplary damages, capped by section 41.008 of the Texas 
Civil Practice and Remedies Code. 271 S.W.3d at 255, 
257. The other amounts awarded as actual damages were not changed. We 
held that the evidence submitted to the jury was legally insufficient to support 
an award of damages for loss of inheritance. Id. at 255. However, the loss of inheritance damages had been included as 
economic damages in the trial court’s judgment to calculate the maximum amount of punitive damages that 
could be awarded under the applicable statutory cap. See Tex. Civ. 
Prac. & Rem. Code § 41.008(b). Under 
chapter 41, punitive damages were capped at (1) two times any amount of economic 
damages plus (2) an amount equal to any noneconomic 
damages not exceeding $750,000. Id.2
           
After the Court issued its opinion and judgment, Columbia Medical filed a 
motion for rehearing, which was denied January 16, 2009. That same day, we 
issued the mandate. Thirteen days later Columbia Medical issued a wire transfer 
to the trust account for the Hogues’ counsel in the amount of $8,906,385.50, 
which included payment of compensatory damages, punitive damages, and 
post-judgment interest at a ten percent rate, compounded annually. Columbia 
Medical’s tender had reduced 
the amount of damages by properly deducting the loss of inheritance damages from 
the compensatory damages and adjusting the exemplary damages award accordingly. 
In other words, Columbia Medical did not include $612,786—two times the amount awarded as loss of 
inheritance damages—in 
calculating the exemplary damages cap. The Hogues 
refused the tender. Columbia Medical thereafter filed a motion to clarify the 
mandate, asking the Court to clarify that the opinion reversing and rendering 
the loss of inheritance damages requires the recalculation of the amount of 
compensatory damages as well as the statutory cap on exemplary damages. The 
Hogues opposed the motion, arguing that the motion was 
untimely or, in the alternative, that the language in the original opinion 
stating that Columbia Medical “does not challenge the quantum of exemplary damages” indicated that Columbia Medical had 
waived any right to the recalculation.
           
Because the Court reversed the damages award for loss of inheritance, 
those damages are not recoverable as part of a judgment in this case, either 
directly or indirectly through inclusion in the calculation of the maximum 
exemplary damages awardable. A reversal of a portion of economic damages 
requires that the cap on the amount of punitive damages that could be awarded 
must be recalculated. See, 
e.g., Seminole Pipeline Co. 
v. Broad Leaf Partners, Inc., 979 S.W.2d 730, 760 (Tex. 
App.—Houston [14th Dist.] 
1998, no pet.) (recognizing the necessary recalculation of the punitive 
damages cap when a portion of economic damages is reversed by an appellate 
court). Columbia Medical excluded those damages from the cap, and the Hogues do not challenge Columbia Medical’s math.
           
Instead, the Hogues essentially contend that 
Columbia Medical waived the right to recalculation, because Columbia Medical 
should have been on notice of the issue prior to the issuance of the mandate. 
The Hogues point to language in the Court’s opinion stating that “Columbia Medical does not . . . challenge the quantum of 
exemplary damages.” That 
sentence refers to Columbia Medical’s decision to challenge whether evidence of its 
mental state supported an award of punitive damages at all, rather than whether 
the punitive damages award was excessive. See 
Tex. Civ. Prac & Rem. Code § 41.001(11)(B) (providing one 
definition of “gross 
negligence,” which supports an 
award of punitive damages, as an act or omission “of which the actor has actual, subjective 
awareness of the risk involved, but nevertheless proceeds with conscious 
indifference to the rights, safety, or welfare of others”). The sentence had no relation whatsoever 
to the recalculation of exemplary damages that must be undertaken due to our 
striking of a portion of the economic damages. No party raised an issue with the 
calculation of the punitive damages cap during this appeal, and the motion to 
clarify merely seeks confirmation of a necessary mathematical 
calculation.
          
And Columbia Medical could not have been expected to raise this issue 
prior to the Hogues’ refusal of the tender of payment after 
the mandate issued. Columbia Medical had no way of knowing beforehand that the 
Hogues would interpret the judgment and mandate to 
attempt to collect damages to which they were not 
entitled.
           
The opinion and judgment are clear: The Hogues 
are not entitled to loss of inheritance damages, either directly or indirectly 
through an increase of the exemplary damages cap. By denying this motion, the 
Court is leaving the parties in a quandary. It is not denying that Columbia 
Medical’s position on the 
punitive damages cap is correct (which it undisputably 
is). If the Hogues continue to press the issue, at 
best the failure to address the motion to clarify will force Columbia Medical to 
continue to litigate this dispute, perhaps by filing a new action, having to pay 
post-judgment interest that continues to accrue, incurring additional 
attorneys’ fees, and expending 
time over a matter we settled nearly a year ago. It is possible that this matter 
will come before the Court again. At worst, the Court’s inaction today could result in a more 
than $612,000 windfall directly contrary to our opinion.
           
Thomas Jefferson famously said, “Never put off till tomorrow what you can do today.” Charles D. Cleveland, A 
Compendium of American Literature 190 (1971). The Court fails to follow 
this sage advice. I respectfully dissent from the denial of Columbia Medical’s Motion to Clarify the 
Mandate.
 
 
_________________
Dale 
Wainwright
Justice
 
OPINION DELIVERED:     
 June 19, 2009
 
 



1 Columbia Medical’s motion is properly before us. Texas Rule of Appellate Procedure 
18.7 provides authority for this Court to recall or modify its mandate. Tex. R. 
App. P. 18.7; see also O’Neil v. Mack Trucks, Inc., 551 S.W.2d 32, 32–33 (Tex. 1997) (recalling the mandate to correct an error related 
to the remand of the case). Likewise, the motion is timely. Texas Rule of 
Appellate Procedure 19.4 notes that “the expiration of the appellate court’s term does not affect the 
court’s plenary power or its 
jurisdiction over a case that is pending when the court’s term expires.” Tex. R. App. P. 19.4. The Court denied 
Columbia Medical’s motion 
for rehearing on January 16, 2009. Because the motion for rehearing remained 
pending in 2009, this case was pending during this Court’s 2009 term, and it has jurisdiction 
over the motion.
2 Although other subsections of section 
41.008 have been amended since the time the case was filed, subsection (b) has 
remained unchanged since 1995.